[No. 2541]

## THE STATE OF NEVADA, Ex Rel. MELVIN F. PHILLIPS, Petitioner, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, AND THE HON. GEORGE A. BARTLETT, JUDGE OF SAID COURT, RESPONDENTS.

[207 Pac. 80]

1. MANDAMUS—ISSUES ONLY IF RELATOR HAS LEGAL RIGHT TO HAVE COURT DO WHAT IT REFUSES TO DO.

    Before the supreme court will issue a writ of mandamus to an inferior tribunal, relator must, under Rev. Laws. 5695, establish facts sufficient to show that he has a legal right to have something done which the inferior tribunal has refused to do.

2. MANDAMUS—DECISION ON MOTION FOR LEAVE TO SUE AS PAUPER CANNOT BE REVIEWED BY MANDAMUS.

    The judge of the lower court before whom an action was pending had jurisdiction to hear a motion for leave to sue as a poor person, and his decision that upon the showing made plaintiff had failed to bring himself within the rule of the common law was a judicial act which cannot be reviewed by writ of mandamus.

ORIGINAL PETITION for mandamus by the State, on the relation of Melvin F. Phillips, against the Second Judicial District Court of the State of Nevada in and for the County of Washoe and another. **Petition denied, and proceeding dismissed.**

*J. W. Dignon* (*McCarran & Mashburn*, of Counsel), for Petitioner:

Mandamus is the proper remedy. "The rule that mandamus will not lie to control judicial discretion does not apply to an act which the petitioner has a right to have performed, and which the judicial officer should perform; and where preliminary questions require adjudication." State ex rel. Keane v. Murphy,

19 Nev. 89; 18 R. C. L. 126; Wood v. Strother, 18 Pac. 767; Keller v. Hewett, 41 Pac. 871; Hensley v. Superior Court, 44 Pac. 232; Holtum v. Grief, 78 Pac. 11.

"Nor does it require the citation of authority to the proposition that even where discretion is vested, if that discretion under the facts can be legally exercised in but one way, mandate will lie to compel the inferior tribunal so to exercise it." Newlands v. Superior Court, 154 Pac. 829. "When a discretion is abused and made to work injustice, it is admissible that it shall be controlled by mandamus." Illinois S. D. E. v. People, 123 Ill. 227; State v. Adcock, 121 Am. St. 681.

Petitioner is a pauper. The showing made was uncontradicted. Counter-affidavits which merely set up an affirmative defense are insufficient. Kahn v. Singer Mfg. Co., 42 N. Y. S. 461. "Evidence that plaintiff is of sufficient physical ability to labor for and acquire means to prosecute or defend is not sufficient to show that he should not be allowed to sue as a poor person." Kerr v. State, 35 Ind. 288; Stevens v. W. U. T. Co., 90 Pac. 799; McNamara v. Nolan, 34 N. Y. S. 178; Kruegel v. Johnson, 93 S. W. 483.

"Although an attorney takes a case on a contingent fee, or otherwise acquires an interest in the suit, plaintiff nevertheless may be permitted to sue in forma pauperis." 15 C. J. 234.

*Geo. B. Thatcher,* for Respondents:

Mandamus will not lie. A writ of mandamus will not assume the function of a writ of error, nor will it serve to require an inferior tribunal to enter any particular judgment or order. State v. District Court, 40 Nev. 163; Hoole v. Kinkead, 16 Nev. 217; Humboldt County v. Churchill County, 6 Nev. 31.

Where a controversy is heard and determined upon facts presented, mandamus will not issue to disturb, reverse, or review the decision, even though the decision be erroneous. State v. District Court, supra; Hoole v.

Kinkead, supra; Floyd v. District Court, 36 Nev. 349; Hardin v. Guthrie, 26 Nev. 246; Cahill v. Superior Court, 78 Pac. 467.

Applications for leave to sue in forma pauperis are not to be encouraged. Ordinarily the granting thereof is largely a matter of discretion with the court. 15 C. J. 236. Where an attorney takes the case on a contingent fee, or otherwise acquires an interest in the suit, plaintiff will not be permitted to sue as a poor person without also showing that his attorney is a poor person. Esquibel v. Atchison R. R. Co., 206 Fed. 863; Boyle v. Great Northern Railroad, 63 Fed. 539; Feil v. Wabash R. Co., 119 Fed. 490. It is inconsistent to permit plaintiff to sue as a poor person when he has parted with an interest in the claim. Joyce v. Cooper, 49 N. Y. Super. 115. This rule is entirely consistent with all the statutes and with the common law. L. R. A. 1918B, 313; Brinkley v. Louisville & N. R. Co., 95 Fed. 345.

The common law of England has been adopted, in so far as it is not repugnant to or in conflict with the constitution and laws of the United States and of the State of Nevada, and the common law of England includes the statutes. 11 Henry VII, chap. 12; 23 Henry VIII, chap. 15. This does not apply, however, where statutes have been repealed or modified by the legislature. At common law jurors were not entitled to compensation; the right is purely statutory, and in the absence of statute cannot be recovered. Also, it is competent for the legislature to require such services without compensation. Neely v. State, 4 Baxt. (Tenn.) 174; Birch v. Phelan, 159 Pac. 209; Hilton v. Curry, 56 Pac. 784; Phillips v. Eureka Co., 19 Nev. 348. The common law has been modified in this respect. Rev. Laws, 2001, 2013.

By the Court, SANDERS, C. J.:

Melvin F. Phillips, a citizen of this state, sued Thomas Ginocchio and D. F. Capps, police officers of the city of Reno, to recover the sum of $10,000 as damages for his

alleged unlawful arrest and imprisonment. Upon the request of plaintiff the court set the case for trial before a jury on the 17th day of January, 1922. Thereafter, on, to wit, the 12th day of that month, the plaintiff made a motion for leave to further prosecute his action in forma pauperis. His motion was based on his affidavit, stating, in addition to his declaration of poverty, that he had a good and meritorious cause of action, and had been so advised by his attorney, and that no person, other than himself, had any interest in the prosecution of his action. The motion came on to be heard upon the pleadings and oral testimony of plaintiff and his attorney in support of his affidavit. The court denied the motion, whereupon plaintiff moved for an order to vacate the setting of the case for trial before a jury, and asked that the court refrain and desist from taking any further proceeding in the case until such time as plaintiff could sue out of the Supreme Court of the State of Nevada a writ of mandamus commanding the presiding judge to permit him to further prosecute his action as a pauper. This motion was also denied, whereupon plaintiff made application to this court for a writ of mandamus. Upon consideration of his petition for the writ, this court made an order commanding Hon. George A. Bartlett, as judge of the district court of Washoe County, to refrain and desist from any further proceeding in the action of Melvin F. Phillips against Thomas Ginocchio and D. F. Capps, and to permit plaintiff to further prosecute his action without the payment of legal fees, or show cause before this court on the day fixed by its order why he should not do so.

1. The question is whether a writ of mandamus may be predicated upon such a return. The rule established by a number of decisions of this court relative to cases in which the writ of mandamus may issue is that before the relator can obtain the writ he must establish sufficient facts to show that he has a legal right to have something done by the inferior tribunal which it

has refused to do. Rev. Laws, 5695; State v. Wright, 10 Nev. 174.

2. The return does not show that the judge refused or denied to the petitioner the right to further prosecute his action as a poor person, but that in the judgment of the court, upon the showing made, plaintiff had failed to bring himself within the rule of the common law, if the same, as contended for by petitioner, prevails in this jurisdiction. As the judge had the power to hear the motion, his determination upon the hearing thereof was necessarily a judicial act. It is difficult to perceive how mandamus will lie to review his action. To grant the writ would be in effect to review a judicial decision, which is not the function of mandamus.

It is argued that the ruling complained of was such a flagrant abuse of discretion as that it amounts to the petitioner being precluded from the enjoyment of his legal right to further prosecute his action as a poor person. Adopting the language of this court as used in State v. District Court, 40 Nev. 163, 161 Pac. 510, the respondent assumed jurisdiction, entertained the motion, heard the evidence in support of petitioner's contention, and rendered a determinative judgment based upon the showing made, and either a correct or incorrect interpretation of the law applicable to the specific question in furtherance of which the showing was made. In that case McCarran, J., asked:

"What more could the lower court do if the writ were to issue now? Would it reverse its judgment entered upon the showing made? Would it take a different view of the law arising upon the case? Is it the function of the writ of mandate to review errors of discretion or judgment and reverse decisions based thereon?"

Speaking for the court, the learned judge said:

"An answer to such query is found in the established principles of law applicable to the function of this extraordinary writ, which may be stated thus: The acts or duties, the performance or nonperformance of

which rests in whole or in part on the discretion or judgment of the inferior tribunal, board, or officer, will not be required by the writ of mandamus."

The question underlying this proceeding is whether, in the absence of statute, the petitioner has the right to proceed with the prosecution of his action in the district court without the payment in advance of the legal fees. We merely state the question in order that it may not be thought by our conclusion that we decide it.

Our conclusion is that return to the order to show cause does not show facts upon which a peremptory writ will lie.

The petition for the writ is therefore denied, and the proceeding dismissed.