WILLIAM CHARLES BUCKHOLT, BY HIS GUARDIAN, PATRICIA A. BUCKHOLT; AND PATRICIA A. BUCKHOLT, PETITIONERS, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, RESPONDENT.

No. 10268

September 28, 1978                    584 P.2d 672

*Peter Chase Neumann,* Reno, for Petitioners.

*Erickson, Thorpe & Swainston, Ltd.,* Reno, for Respondent.

---

## OPINION

By the Court, BATJER, C. J.:

Petitioners brought suit against the Jeep Corporation, a Nevada corporation, seeking damages for injuries allegedly resulting from a single vehicle accident involving a Jeep CJ–5 manufactured by the Jeep Corporation. The accident occurred on October 5, 1976, near Cheyenne, Wyoming. Jeep moved to dismiss the complaint on the ground of *forum non conveniens*. Respondent court granted the motion, without prejudice, and petitioners instituted this proceeding.

In opposition to the petition, respondent contends (1) the complaint was properly dismissed; (2) a writ of mandamus is an improper method of challenging the dismissal; and, (3) the petition was untimely. We disagree.

1.   The petitioners, now Ohio residents, have chosen to litigate in Nevada. Since Jeep is a resident of this state by virtue of its incorporation, and does business here, we conclude that the

district court is obliged to accept jurisdiction. Under these circumstances, the doctrine of *forum non conveniens* is inapposite, and Jeep's motion to dismiss should not have been granted.

2. Although mandamus does not lie where errors are committed in the exercise of judicial discretion, we have previously decided that "where the district court wrongfully or erroneously divests itself of jurisdiction, . . . mandamus is the proper remedy." Swisco, Inc. v. District Court, 79 Nev. 414, 419, 385 P.2d 772, 774 (1963), citing Floyd v. District Court, 36 Nev. 349, 135 P. 922 (1913).

3. Respondent next contends that a petition for a writ of mandamus, like an appeal, must be filed within thirty (30) days, as mandated by NRAP 4(a).[1] Writs of mandamus, however, are governed by NRAP 21 which specifies no particular time limit within which a petition for a writ must be filed.[2] Nevertheless, as extraordinary remedies, such writs are subject to the doctrine of laches. *See* Arant v. Lane, 249 U.S. 367 (1919). In determining whether the doctrine of laches should be applied to preclude consideration of the present petition, we must determine whether (1) there was an inexcusable delay in seeking the petition; (2) an implied waiver arose from petitioners' knowing acquiescence in existing conditions; and, (3) there were circumstances causing prejudice to respondent. State, Crooke v. Lugar, 354 N.E.2d 755 (Ind.App. 1976). We have reviewed the record and find no basis for applying the doctrine of laches and, therefore, conclude the petition was timely filed.

Accordingly, it is ordered that a peremptory writ of mandamus issue forthwith directing the respondent court to entertain jurisdiction of this cause. The case is hereby remanded for further proceedings consistent with this opinion.

MOWBRAY, THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.

---

[1]NRAP 4(a) provides, in pertinent part:

"In a civil case in which an appeal is permitted by law from a district court to the Supreme Court the notice of appeal . . . shall be filed with the clerk of the district court within thirty (30) days of the date of service of written notice of the entry of the judgment or order appealed from."

[2]NRAP 21(a) provides, in pertinent part:

"Application for a writ of mandamus . . . directed to a judge . . . shall be made by filing a petition therefor with the clerk of the Supreme Court with proof of service on the respondent judge . . . and on all parties to the action in the trial court."