FRANK PHILLIP JEFFERSON, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 22521

November 5, 1992                                840 P.2d 1234

*Morgan D. Harris,* Public Defender and *Victor J. Austin,* Deputy Public Defender, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland* and *James Miller,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction, upon a jury verdict, of one count of robbery of a person sixty-five years of age or older. *See* NRS 200.380; NRS 193.167. The district court sentenced appellant to serve nine years in the Nevada State Prison, enhanced by a consecutive term of nine years because the victim was sixty-five years of age or older.

Appellant was charged with one count each of larceny from the person and robbery, both with the enhancement for a victim sixty-five years of age or older. Appellant tendered a guilty plea to the count of larceny from the person. The district court, at the request of the prosecutor, refused to accept the guilty plea, and entered pleas of not guilty to both counts. Appellant contends that the district court abused its discretion when it refused to accept his guilty plea to larceny from the person.

The district court is specifically granted discretion to refuse a guilty plea, NRS 174.035(1). There was no plea agreement in this case, and appellant had no right to enter a guilty plea to any particular charge. Under the facts of this case, larceny from the person is a lesser included offense of robbery. *See* Lisby v. State, 82 Nev. 183, 187, 414 P.2d 592, 594 (1966). Under these circumstances, the district court did not abuse its discretion by refusing to accept appellant's guilty plea to larceny from the person.

Appellant contends that the district court denied him the right to instruct the jury on his theory of the case when it refused to give a proposed jury instruction defining the element of force in the crime of robbery. A district court may properly refuse to give a proposed instruction on the defense theory of the case, however, where, as here, the offered instruction is substantially covered by an instruction that is given. *See* Shannon v. State, 105 Nev. 782, 787, 783 P.2d 942, 945 (1989); Buckner v. State, 95 Nev. 117, 120, 590 P.2d 628, 630 (1979).

Appellant contends that insufficient evidence that he used force when he snatched the victim's purse was presented to support his conviction for robbery. *See* NRS 200.380(1). Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See* Wilkins v. State, 96 Nev. 367, 609 P.2d 309 (1980). In particular, we note that appellant's victim testified that she resisted when appellant grabbed her purse, and that although the struggle for the purse did not last long, she received two bruises while struggling with appellant. Further, the victim's husband testified that he noticed a struggle for the purse.

The jury could reasonably infer from the evidence presented that appellant obtained the victim's purse by using force. It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See* Bolden v. State, 97 Nev. 71, 624 P.2d 20 (1981). Accordingly, we affirm the judgment of conviction.