OPINION

Per Curiam:

FACTS

Appellant Thomas Donahue (“Donahue”) was charged with the violation of three ordinances of the City of Sparks (“City”); driving under the influence, careless driving and failure to decrease speed. All three violations arose out of one incident which occurred on August 22, 1993.
Prior to trial, Donahue filed a demand for a jury trial. The municipal court granted Donahue’s request noting that although a jury trial was not required, it was within the court’s discretion to grant one when warranted by “unique and important policy considerations.” The City filed a petition for a writ of certiorari and a writ of prohibition in the district court, arguing that the municipal court lacked authority to grant a jury trial on a discretionary basis. The district court agreed and granted certiorari.
Donahue appeals, arguing that the municipal court has discretionary authority to order a jury trial and that a jury trial is required because he faces a potential aggregate sentence of 18 months. We disagree.

DISCUSSION

This court has held that because municipal courts are created by statute, their jurisdiction is limited to that granted by statute. McKay v. City of Las Vegas, 106 Nev. 203, 205, 789 P.2d 584, 585 (1990). The City is an incorporated city existing under a *1283 special charter and thus is not subject to the statutory prohibition[1] against jury trials in municipal courts. Sparks City Charter, Art. I, § 1.010, cl.2; see also Blanton v. North Las Vegas Mun. Court, 103 Nev. 623, 626-28, 748 P.2d 494, 496-97 (1987), aff’d, 489 U.S. 538 (1989). However, there are no procedures or provisions in the Nevada Revised Statutes, Sparks City Charter or the Sparks Municipal Code for summoning or selecting juries in municipal court. We conclude that absent an express grant of authority, a municipal court lacks discretion to order a jury trial where one is not required by state or federal constitutional law.
Donahue contends, in the alternative, that he was entitled to a jury trial because he faces a potential aggregate sentence in excess of six months. The City conceded at oral argument that under Albitre v. State, 103 Nev. 281, 738 P.2d 1307 (1987), Donahue could not be convicted and sentenced for all three charges because two of the charges are redundant. Thus, Donahue does not face a sentence in excess of six months’ imprisonment. Accordingly, we need not reach Donahue’s aggregation argument.[2]
For the above reasons, the order entered by the district court is affirmed.

 NRS 266.550 provides:
The municipal court shall have such powers and jurisdiction in the city as are now provided by law for justices’ courts, wherein any person or persons are charged with the breach or violation of the provisions of any ordinance of such city or of this chapter, of a police or municipal nature; but the trial and proceedings in such cases shall be summary and without a jury.

 Although the issue is not currently before us, we recognize that situations may arise in the future where the law announced in Albitre will not prevent consecutive sentences on multiple charges. For purposes of future guidance, we note that where a defendant is charged with multiple misdemeanor offenses “arising out of the same act, transaction, or occurrence” that could result in an aggregate sentence in excess of six months, a jury trial would be obviated where the judge, prior to trial, agrees not to sentence the defendant to a term greater than six months. See United States v. Stenzel, 49 F.3d 658, 660 (10th Cir. 1995).