OPINION
 

 Per Curiam:
 

 The state charged each of the real parties in interest with driving under the influence pursuant to NRS 484.379(1) and at least one traffic code infraction under NRS chapter 484 or a Clark County Ordinance. In each case, the real party in interest appeared in justice’s court and asked to plead guilty to the traffic code infraction. The justices’ courts accepted the guilty pleas over the state’s objections and immediately imposed sentence. Each real party in interest then moved to dismiss the DUI charge on the theory that conviction of that charge would be redundant to the conviction for the traffic code infraction pursuant to this court’s decisions in Albitre v. State, 103 Nev. 281, 738 P.2d 1307 (1987) and Donahue v. City of Sparks, 111 Nev. 1281, 903 P.2d 225 (1995). The justices’ courts granted the motions. On appeal, the district courts affirmed the justices’ courts’ orders. The state filed the instant petitions for writs of mandamus challenging the lower courts’ decisions.
 
 [1]
 

 
 *131
 
 These petitions ask this court to determine whether conviction for a charge of driving under the influence in violation of NRS 484.379(1) would be redundant to conviction for a general traffic code infraction. We conclude that such convictions would not necessarily be redundant.
 

 FACTS
 

 Docket No. 32936 (Hedland)
 

 The state charged real party in interest Timothy John Hedland by criminal complaint with two misdemeanor offenses: driving and/or being in actual physical control while under the influence of intoxicating liquor in violation of NRS 484.379(1) (count I) and failure to maintain travel lane in violation of NRS 484.305 (count II). On May 21, 1997, the justice’s court, Judge Pro Tem Swanson, accepted Hedland’s offer to plead guilty to count II, over the state’s objection, and ordered Hedland to pay a fine. Hedland thereafter filed a motion to dismiss count I. The state opposed the motion. On November 3, 1997, the justice’s court, Judge Smith, granted the motion. On appeal to the district court, Judge Bonaventure affirmed the justice’s court’s order, concluding that the charges were redundant because they arose from the same traffic incident and, therefore, Hedland could not be convicted of both charges.
 

 Docket No. 32937 (Henry)
 

 The state charged real party in interest Steven Henry by criminal complaint with two misdemeanor charges: driving and/or being in actual physical control while under the influence of intoxicating liquor in violation of NRS 484.379(1) (count I) and failure to use due care by failing to decrease speed when driving on wet pavement in violation of NRS 484.363 (count II). On January 16, 1997, the justice’s court, Judge Smith, accepted Henry’s offer to plead guilty to count II and imposed a fine.
 
 [2]
 
 Thereafter, Henry filed a motion to dismiss count I. The state opposed the motion. On April 23, 1997, the justice’s court granted the motion, concluding that the state necessarily had to prove count II to prove count I. On appeal to district court, Judge Bonaventure affirmed the justice’s court’s order, concluding that the charges were redundant.
 

 Docket No. 32938 (Melvin)
 

 The state charged real party in interest Ryan David Melvin by
 
 *132
 
 criminal complaint with three misdemeanor charges: driving and/or being in actual physical control while under the influence of intoxicating liquor in violation of NRS 484.379(1) (count I), basic speeding in violation of NRS 484.361 (count II), and improper lane change in violation of NRS 484.305(1) (count III). On January 30, 1997, Judge Pro Tem Swanson accepted Melvin’s offer to plead guilty to counts II and III, over the state’s objection, and assessed a fine. Thereafter, Melvin filed a motion to dismiss count I. The state opposed the motion. On June 4, 1997, Judge Abbatangelo granted the motion without explanation. On appeal to district court, Judge Pavlikowski affirmed the justice’s court’s order, concluding that the charges were redundant because they were based on the same act of driving.
 

 Docket No. 32939 (Miley)
 

 The state charged real party in interest Jerry Edmond Miley by criminal complaint with two misdemeanor charges: driving and/or being in actual physical control while under the influence of intoxicating liquor in violation of NRS 484.379(1) (count I) and failure to yield right of way in violation of NRS 484.317 (count II). On February 3, 1997, the justice’s court, Judge Lippis, accepted Miley’s offer to plead guilty to count II, over the state’s objection, and ordered Miley to pay a fine. Thereafter, Miley filed a motion to dismiss count I. The state opposed the motion. On October 23, 1997, Judge Lippis granted the motion, concluding that the charges arose from the same course of action. On appeal to district court, Judge Michael L. Douglas affirmed the justice’s court’s order, concluding that conviction of the DUI charge would be redundant because both charges arose from the same traffic incident.
 

 Docket No. 32940 (Miller)
 

 The state charged real party in interest Dean Thomas Miller by criminal complaint with two misdemeanor charges: driving and/or being in actual physical control while under the influence of intoxicating liquor in violation of NRS 484.379(1) (count I) and unlawful manner of driving for driving through an intersection in a right-turn-only lane in violation of NRS 484.377 and Clark County Ordinance 14.24.010 (count II).
 
 [3]
 
 On January 30, 1997,
 
 *133
 
 Judge Pro Tem Swanson accepted Miller’s offer to plead guilty to count II, over the state’s objection, and ordered Miller to pay a fine. Thereafter, Miller filed a motion to dismiss count I. On April 24, 1997, the justice’s court, Judge Abbatangelo, granted the motion. On appeal to district court, Judge Pavlikowski affirmed the justice’s court’s order, concluding that the charges were redundant because they arose from the same act of driving.
 

 Docket No. 32941 (Ragsdale)
 

 The state charged real party in interest Reginald Ragsdale by criminal complaint with two misdemeanor charges: driving and/or being in actual physical control while under the influence of intoxicating liquor in violation of NRS 484.379(1) (count I) and failure to yield right of way in violation of NRS 484.315 and Clark County Ordinance 14.32.070 (count II). On May 21, 1997, Judge Pro Tem Swanson accepted Ragsdale’s offer to plead guilty to count A, over the state’s objection, and ordered Ragsdale to pay a fine. Thereafter, Ragsdale filed a motion to dismiss count I. The state opposed the motion. On November 3, 1997, the justice’s court, Judge Smith, granted the motion. On appeal to district court, Judge Bonaventure affirmed the justice’s court’s order, concluding that the charges were redundant because they arose from the same traffic incident.
 

 DISCUSSION
 

 Intervention by way of extraordinary relief
 

 The Nevada Constitution grants this court the ‘ ‘power to issue writs of
 
 mandamus, certiorari,
 
 prohibition,
 
 quo warranto,
 
 and
 
 habeas corpus.”
 
 Nev. Const. art. 6, § 4. The power to issue such writs is part of this court’s original jurisdiction; it is not merely auxiliary to our appellate jurisdiction. State of Nevada v. McCullough, 3 Nev. 202, 214-16 (1867).
 

 A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust or station. NRS 34.160. Although this court has stated that a writ of mandamus does not lie to correct errors where action has been taken by the inferior tribunal,
 
 [4]
 
 we have utilized mandamus to control an arbitrary or capricious exercise of discretion,
 
 *134
 

 see
 
 Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981). A writ of mandamus generally will not issue, however, if the petitioner has a plain, speedy and adequate remedy in the ordinary course of law.
 
 See
 
 NRS 34.170. Further, mandamus is an extraordinary remedy, and it is within the discretion of this court to determine if a petition will be considered.
 
 See
 
 Poulos v. District Court, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982).
 

 This court has generally declined to entertain petitions for review of a lower court decision where that decision is appealable.
 
 See
 
 Ashokan v. State, Dep’t of Ins., 109 Nev. 662, 665, 856 P.2d 244, 246 (1993). In Nevada, district courts have final appellate jurisdiction over cases arising in justice’s court. Nev. Const. art. 6, § 6; Tripp v. City of Sparks, 92 Nev. 362, 550 P.2d 419 (1976). We are not unmindful that entertaining petitions for review of a district court decision where the district court was acting in its appellate capacity would undermine the finality of the district court’s appellate jurisdiction. Accordingly, as a general rule, we have declined to entertain writs that request review of a decision of the district court acting in its appellate capacity unless the district court has improperly refused to exercise its jurisdiction, has exceeded its jurisdiction, or has exercised its discretion in an arbitrary or capricious manner.
 

 Nonetheless, we have decided to exercise our constitutional prerogative to entertain the instant writ petitions. Although loath to deviate from our general practice, we do so in these cases for the following reason: various departments in the Justice’s Court for the Las Vegas Township and the Eighth Judicial District Court have reached different conclusions on the significant issues of statewide concern raised by these petitions. Thus, there essentially is a split of authority amongst the lower courts. The only way this split can be resolved is for this court to exercise its constitutional prerogative to entertain these writ petitions.
 
 See
 
 Jeep Corp. v. District Court, 98 Nev. 440, 443, 652 P.2d 1183, 1185 (1982) (where circumstances reveal urgency or strong necessity, extraordinary relief may be granted);
 
 cf.
 
 State of Nevada v. Justice Court, 112 Nev. 803, 805 n.3, 919 P.2d 401, 402 n.3 (1996) (electing to entertain petition for writ of prohibition even though relief should have been sought first in district court “due to the exigent circumstances presented and because this case presented an unsettled issue of statewide importance”).
 

 Laches
 

 The real parties argue that the petitions are barred by the doctrine of laches. The real parties contend that the petitions should
 
 *135
 
 have been filed immediately following the dismissal of the appeals in district court.
 
 [5]
 

 Laches is an equitable doctrine that may be invoked when delay by one party works to the disadvantage of the other, causing a change of circumstances that would make the grant of relief to the delaying party inequitable. Building & Constr. Trades v. Public Works, 108 Nev. 605, 610-11, 836 P.2d 633, 636-37 (1992). The doctrine applies to a petition for a writ of mandamus. Buckholt v. District Court, 94 Nev. 631, 633, 584 P.2d 672, 673 (1978). In deciding whether to apply the doctrine to preclude consideration of such a petition, a court must determine whether “(1) there was an inexcusable delay in seeking the petition; (2) an implied waiver arose from petitioners’ knowing acquiescence in existing conditions; and, (3) there were circumstances causing prejudice to respondent.”
 
 Id.
 
 at 633, 584 P.2d at 673-74.
 

 Applying the factors set forth in
 
 Buckholt,
 
 we conclude that only the eleven-month delay in the filing of the petition docketed in this court as Docket No. 32937 warrants imposition of the doctrine of laches to preclude consideration of the petition. Accordingly, we deny the petition for a writ of mandamus in that case.
 
 [6]
 

 Redundant convictions
 

 These petitions ask us to determine whether conviction for driving under the influence in violation of NRS 484.379 is necessarily redundant to conviction for traffic code infractions occurring during the same driving episode. The parties focus their attention on this court’s decisions in Albitre v. State, 103 Nev.
 
 *136
 
 281, 738 P.2d 1307 (1987) and Donahue v. City of Sparks, 111 Nev. 1281, 903 P.2d 225 (1995).
 
 [7]
 

 Albitre
 
 was this court’s first foray into the concept of redundant convictions. Albitre was an intoxicated driver who caused the deaths of two people in a traffic accident. A jury convicted Albitre of two counts each of felony driving under the influence in violation of NRS 484.3795, involuntary manslaughter and felony reckless driving.
 
 Albitre,
 
 103 Nev. at 282, 738 P.2d at 1308. This court reversed four of the convictions, concluding that Albitre was “entitled to relief from redundant convictions that do not comport with legislative intent.”
 
 Id.
 
 at 283, 738 P.2d at 1309. We reasoned that:
 

 The gravamen of all the charges is that Albitre proximately caused the death of two persons by operating a vehicle in a reckless and unsafe manner due to her intoxication. The State has simply compounded the convictions by eliminating the aspect of alcohol from the four counts under question. We are convinced that the Legislature never intended to permit the State to proliferate charges as to one course of conduct by adorning it with chameleonic attire. Although charging to the limit may be justified to cover developing nuances of proof, the jury should have received an instruction limiting the number of conviction alternatives. The failure to do so was error.
 

 Id.
 
 at 284, 738 P.2d at 1309.
 

 The issue under
 
 Albitre
 
 is whether the gravamen of the charged offenses is the same such that it can be said that the legislature did not intend multiple convictions. “[Rjedundancy does not, of necessity, arise when a defendant is convicted of numerous charges arising from a single act.” Skiba v. State, 114 Nev. 612, 616 n.4, 959 P.2d 959, 961 n.4 (1998). The question is whether the material or significant part of each charge is the same even if the offenses are not the same. Thus, where a defendant is convicted of two offenses that, as charged, punish the exact same illegal act, the convictions are redundant. For example, in
 
 Skiba,
 
 the gravamen of the charges, battery with the use of a deadly weapon
 
 *137
 
 and battery causing substantial bodily harm, was that the defendant hit the victim with a broken beer bottle. Accordingly, conviction for both charges was redundant.
 
 Skiba,
 
 114 Nev. at 612, 959 P.2d at 959;
 
 see also
 
 Dossey v. State, 114 Nev. 904, 964 P.2d 782 (1998) (gravamen of charges (driving under the influence, driving while having 0.10 percent or more by weight of alcohol in the blood and having a blood alcohol content of 0.10 percent or more by weight of alcohol in the blood within two hours of driving) was that defendant was driving while intoxicated); State v. Koseck, 113 Nev. 477, 936 P.2d 836 (1997) (gravamen of charges (lewdness and sexual assault) was that defendant had unlawful sexual intercourse with victim).
 

 The real parties in interest assert that our opinion in
 
 Donahue
 
 necessitates the conclusion that the gravamen of the offenses at issue is the same. We disagree.
 

 In
 
 Donahue,
 
 this court briefly addressed
 
 Albitre
 
 where the defendant had been charged with violating three city ordinances: driving under the influence, careless driving and failure to decrease speed. 111 Nev. at 1282, 903 P.2d at 226. The issue of redundant convictions was not specifically before this court in
 
 Donahue.
 
 However, to avoid ruling on a constitutional issue presented by Donahue, this court stated:
 

 The City conceded at oral argument that under Albitre v. State, 103 Nev. 281, 738 P.2d 1307 (1987), Donahue could not be convicted and sentenced for all three charges because two of the charges are redundant. Thus, Donahue does not face a sentence in excess of six months’ imprisonment. Accordingly, we need not reach Donahue’s aggregation argument.
 

 Id.
 
 at 1283, 903 P.2d at 226-27. However, in a footnote, this court observed that “situations may arise in the future where the law announced in
 
 Albitre
 
 will not prevent consecutive sentences on multiple charges.”
 
 Id.
 
 at 1283 n.2, 903 P.2d at 227 n.2.
 

 We conclude that the real parties’ reliance on
 
 Donahue
 
 is misplaced.
 
 Donahue
 
 was decided based solely on the city’s representations regarding the particular facts of the case.
 
 [8]
 
 It does not stand for the general proposition that a conviction for driving
 
 *138
 
 under the influence in violation of NRS 484.379(1) is necessarily redundant to a conviction for speeding or any other general traffic code infraction. Because the instant cases are readily distinguishable both on the facts and the nature of the charged offenses, we conclude that
 
 Donahue
 
 is not dispositive.
 

 Applying the redundant convictions analysis, we conclude that the gravamen of the offenses charged against each of the real parties in interest is not the same.
 
 [9]
 
 The gravamen of a DUI charge pursuant to NRS 484.379(1) is that the defendant was driving and/or in actual physical control of a vehicle while under the influence of intoxicating liquor. A conviction for DUI under this statute does not require proof that the driver did any act or neglected any duty imposed by law while driving under the influence.
 
 Cf.
 
 NRS 484.3795 (driving under the influence causing substantial bodily harm or death). In other words, the defendant’s ability to drive safely while intoxicated is not relevant to a charge under NRS 484.379(1).
 
 Cf.
 
 Cotter v. State, 103 Nev. 303, 738 P.2d 506 (1987) (addressing violation of NRS 484.3795). Therefore, it cannot be said that NRS 484.379(1) is intended to punish the violation of a particular traffic rule. In contrast, the gravamen of a “rules of the road” charge under NRS chapter 484 or a municipal ordinance is that the defendant was operating a vehicle in a particular manner that is prohibited by the relevant statute. Thus, for example, the gravamen of a charge for violating NRS 484.305(1) is that the driver changed a direct course of travel without giving the proper signal. A “rule of the road” charge is not intended to punish for driving while intoxicated and does not take into consideration whether the driver was intoxicated. Accordingly, we conclude that the gravamen of the charged offenses is not the same, and therefore, convictions for each of the offenses would not have been impermissibly redundant.
 
 [10]
 

 
 *139
 

 CONCLUSION
 

 Based on the foregoing, we grant the petitions for writs of mandamus in each of these matters except Docket No. 32937. The petition filed in Docket No. 32937 is denied based on the doctrine of laches. The clerk of this court shall issue a writ to each district court in the other matters requiring the court to vacate its order dismissing the state’s appeal and enter an order directing the justice’s court to reinstate the dismissed charge.
 

 [1]
 

 By order on September 15, 1998, we consolidated these petitions and ordered the real parties in interest, on behalf of respondents, to file an answer against issuance of the requested writs.
 

 [2]
 

 The documents before this court indicate that the state did not respond to Henry’s request to plead guilty to count II; however, it is not entirely clear whether a representative of the state was present at the time.
 

 [3]
 

 The documents provided to this court regarding the charges against Miller are somewhat unclear. The appendix filed with the petition includes an amended complaint that charges the two offenses set forth above, plus two additional charges: speeding in violation of NRS 484.361 (count III) and failure to signal in violation of NRS 484.343 (count IV). However, Miller only pleaded guilty to count II and there is no indication of how counts III and IV were resolved.
 

 [4]
 

 See, e.g.,
 
 York v. Board of County Comm’rs, 89 Nev. 173, 509 P.2d 967 (1973); State v. District Court, 46 Nev. 25, 207 P. 80 (1922); State
 
 ex rel.
 
 Hetzel v. Board of Comm’rs, 8 Nev. 309 (1873); State of Nevada v. Wright, 4 Nev. 119 (1868).
 

 [5]
 

 The approximate delays between entry of the district court orders and filing of the petitions are as follows: five months in Docket Nos. 32938 and 32940; six months in Docket Nos. 32936, 32939, and 32941; and eleven months in Docket No. 32937.
 

 [6]
 

 The real parties also argue that the petitions are moot because the one-year statute of limitations for driving under the influence ran prior to the filing of the petitions or while the petitions were pending in this court. We conclude that the statute of limitations ran prior to the filing of the petition only in the case docketed in this court as Docket No. 32937. As set forth above, we have concluded that consideration of that petition is precluded by the doctrine of laches and, therefore, we need not resolve the statute of limitations argument in that matter. As to the remaining petitions, the statute of limitations did not run prior to the filing of the petitions. Moreover, as discussed herein, we conclude that the original charging documents setting forth the driving under the influence charges were erroneously dismissed and must be reinstated. Thus, the statute of limitations is not implicated.
 

 [7]
 

 We acknowledge that the bulk of the petitions filed by the state address whether the charged offenses are the “same offense” under the test set forth in Blockburger v. United States, 284 U.S 299 (1932). We need not reach this issue because the lower courts relied on the redundant convictions analysis in
 
 Albitre,
 
 not the same offense analysis in
 
 Blockburger.
 
 Nonetheless, we note that each of the offenses at issue in each of these cases requires proof of an element that the other offenses do not. Accordingly, under
 
 Blockburger,
 
 the offenses are not the same.
 

 [8]
 

 In particular, we note that under the Sparks Municipal Code, it appears that the driving under the influence and failure to decrease speed charges provided the substantive proof to establish the careless driving charge.
 
 See
 
 Sparks Municipal Code 10.44.050. We recognize that where a charge of reckless or careless driving is premised on the fact that the defendant was driving under the influence, convictions for both reckless or careless driving and driving under the influence arguably would be redundant.
 
 See
 
 Johnson v. State, 111 Nev. 1210, 902 P.2d 48 (1995). This does not appear to be the situation in any of the cases presently before this court.
 

 [9]
 

 We reject the real parties’ suggestion that the gravamen of the charges is the act of driving. The act of driving overlaps between each offense, as none could have been committed without the act of driving; however, we conclude that this is not the gravamen of the charged offenses. The gravamen of an offense typically is the material act being punished—driving is not itself being punished pursuant to any of the charges.
 

 [10]
 

 The petitions filed by the state and the answer filed by the real parties in interest are filled with invective regarding the tactics employed in justice’s court by each side. We take this opportunity to clarify a few misconceptions highlighted by these arguments.
 

 First, the real parties repeatedly assert that the tactic employed in justice’s court—requesting to plead guilty to the traffic code infraction and then moving to dismiss the driving under the influence charge—was justified by overzealous and duplicitous over-charging by the state. We remind the real
 
 *139
 
 parties that even if convictions for multiple offenses would be impermissibly redundant, the state still may charge all of the offenses in a single case.
 
 See
 
 Jenkins v. District Court, 109 Nev. 337, 341, 849 P.2d 1055, 1057 (1993);
 
 Albitre,
 
 103 Nev. at 284, 738 P.2d at 1309.
 

 Second, where a defendant is facing multiple charges, a trial court is not required, over the state’s objection, to accept a guilty plea on one of the charges. “A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court.” North Carolina v. Alford, 400 U.S. 25, 38 n.11 (1970);
 
 see also
 
 Jefferson v. State, 108 Nev. 953, 954, 840 P.2d 1234, 1235 (1992) (“appellant had no right to enter a guilty plea to any particular charge”). Nevada courts have discretion to refuse a guilty plea. NRS 174.035(1); Sturrock v. State, 95 Nev. 938, 940, 604 P.2d 341, 343 (1979). If the court concludes there is a plea agreement between the parties, the court must conduct a hearing and consider seriously the proffered plea. Sparks v. State, 104 Nev. 316, 322-23, 759 P.2d 180, 184 (1988) (setting forth factors to consider in deciding whether to accept proffered plea). Here, the justices’ courts could have refused the guilty pleas offered by the real parties because; there were no plea agreements in any of the cases; the state expressly objected to the pleas in all but one of the cases; and, where conviction for multiple offenses might be redundant, accepting such a unilateral guilty plea undermines prosecutorial discretion in charging and the state’s interest in obtaining a conviction on the other charges, which may be the more “serious” charges.
 
 See Jefferson,
 
 108 Nev. at 954, 840 R2d at 1235 (no abuse of discretion to refuse guilty plea where there was no plea agreement and charge to which defendant offered to plead guilty was lesser included offense of another charge). Moreover, even if the justices’ courts had elected to accept the guilty pleas, they were not obligated to enter an immediate sentence and conviction.
 
 See Jenkins,
 
 109 Nev. at 341, 849 P.2d at 1057;
 
 see also
 
 NRS 173.125.