**NOT FOR PUBLICATION**

JUN 13 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BULLION MONARCH MINING, INC., | No. 10-17320 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00227-ECR-VPC |
| v. | |
| NEWMONT USA LIMITED, a Delaware Corporation, DBA Newmont Mining Corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Argued and Submitted May 16, 2012
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

Appellant Bullion Monarch Mining, Inc. ("Bullion") appeals the district

court's grant of summary judgment in favor of Defendant-Appellee Newmont USA

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Limited ("Newmont"). Bullion filed suit seeking royalty payments which it alleges Newmont owes as a successor-in-interest to a 1979 mining contract. The district court granted summary judgment based on laches. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

Under Nevada law, laches requires a showing that "there was an inexcusable delay in seeking the petition" and "there were circumstances causing prejudice to respondent." *Nevada v. Eighth Judicial Dist. Ct., ex rel. Cnty. of Clark*, 994 P.2d 692, 697 (Nev. 2000) (internal quotations and citation omitted).

Bullion argues that it delayed in reliance on Newmont's assurances that the royalties owed under the 1979 contract would be paid, and that its delay was therefore excusable. The district court, resolving the disputed facts in Bullion's favor, assumed that these assurances were made but found them insufficient to excuse Bullion's delay. We agree with the district court that "proper diligence required some attempt to verify that Newmont's actions were consistent with its counsel's alleged verbal assurance to Bullion, either by independent investigation or by demanding accounting from Newmont."

Bullion further argues that Newmont failed to establish that it was prejudiced by Bullion's delay. Bullion argues that the summary judgment ruling should be limited in its scope as the laches defense can only apply to mining claims

2

which Newmont has placed in production.  Bullion contends that Newmont has not shown, and cannot show, any prejudice as to claims that Newmont has not yet developed.  Bullion raised its prejudice argument for the first time in its Motion to Reconsider in district court, and that court found that Bullion had waived its argument by not raising it earlier.  *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  The district court did not abuse its discretion in so finding.  *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

**AFFIRMED.**