An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CITY OF LAS VEGAS,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
    and
RYAN CROWDER,
Real Party in Interest.

No. 67167



FILED

SEP 10 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER GRANTING PETITION

This original petition for a writ of mandamus challenges a district court order reversing real party in interest Ryan Crowder's municipal court conviction for driving under the influence. In its petition, the City of Las Vegas alleges that the district court arbitrarily or capriciously exercised its discretion when it failed to adhere to applicable appellate standards and substituted its own judgment for that of the trial judge.

"District courts have final appellate jurisdiction in cases arising in municipal courts." *Tripp v. City of Sparks*, 92 Nev. 362, 363, 550 P.2d 419, 419 (1976); *see* Nev. Const. art. 6, § 6. "[A]s a general rule, we have declined to entertain writs that request review of a decision of the district court acting in its appellate capacity unless the district court has improperly refused to exercise its jurisdiction, has exceeded its jurisdiction, or has exercised its discretion in an arbitrary or capricious manner." *State v. Eighth Judicial Dist. Court (Hedland)*, 116 Nev. 127,

134, 994 P.2d 692, 696 (2000); *see also State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev., Adv. Op. 84, 267 P.3d 777, 780 (2011) (defining "[a]n arbitrary or capricious exercise of discretion [as] one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." (internal citation and quotation marks omitted)).

Under the circumstances discussed below, we elect to exercise our discretion and consider the petition. *See* NRS 34.160; NRS 34.170; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) ("[T]he issuance of a writ of mandamus or prohibition is purely discretionary with this court.").

Crowder was convicted in municipal court of driving under the influence. *See* NRS 484C.110(1)(a). Crowder appealed from his conviction to the district court, claiming that the City failed to present sufficient evidence of his guilt. The district court agreed, finding that the City elected not to present evidentiary breath or blood tests, attempted to make arguments based on the administration of field sobriety tests, and lacked sufficient evidence for a DUI prosecution.

"In determining the sufficiency of the evidence on appeal, the critical question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Diomampo v. State*, 124 Nev. 414, 433, 185 P.3d 1031, 1043 (2008) (emphasis in original) (internal quotation marks omitted); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "In addition, where there is substantial evidence to support a verdict in a criminal case . . . the reviewing court will not disturb the verdict nor set aside the judgment." *Diomampo*, 124 Nev. at

433, 185 P.3d at 1043 (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." *Thompson v. State*, 125 Nev. 807, 816, 221 P.3d 708, 715 (2009) (internal quotation marks omitted). "Insufficiency of the evidence occurs where the prosecution has not produced a minimum threshold of evidence upon which a conviction may be based." *Id.* at 816, 221 P.3d at 714 (internal quotation marks omitted). It is the function of the fact finder, not the appellate court, to assess the weight of the evidence. *See McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Given these standards, we conclude that the district court arbitrarily or capriciously exercised its discretion by reversing Crowder's conviction for driving under the influence. The district court correctly stated the standard for appellate review; however, our review of the record reveals that the district court substituted its own judgment for that of the trial court as to the weight of the evidence. The district court should have focused on the evidence presented at trial rather than evidence that could have made the case stronger. Additionally, the district court did not view the evidence in the light most favorable to the prosecution when it overlooked testimony as to the trooper's observations of Crowder and speculated as to the effects Crowder's back pain may have had on the field sobriety tests.

Having determined that the district court arbitrarily or capriciously exercised its discretion, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order reversing real party in interest Ryan

Crowder's conviction for driving under the influence and to remand the matter to the municipal court for completion of the imposed sentence.[1]

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Rob Bare, District Judge
      Attorney General/Carson City
      Las Vegas City Attorney
      Las Vegas City Attorney/Criminal Division
      Mueller Hinds & Associates
      Eighth District Court Clerk

_____

[1]We decline Crowder's request to impose the doctrine of laches to preclude consideration of the petition. *See Buckholt v. Second Judicial Dist. Court*, 94 Nev. 631, 633, 584 P.2d 672, 673 (1978), *overruled on other grounds by Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 88 P.3d 840 (2004).