An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL EDIGA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
and
THE CITY OF LAS VEGAS, NEVADA,
Real Party in Interest.

No. 68679

FILED

DEC 17 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## ORDER DENYING PETITION

This petition for a writ of mandamus or, in the alternative, prohibition challenges an order of the district court dismissing petitioner Michael Ediga's appeal from a misdemeanor conviction. Ediga requests a writ mandating the respondent district court hear the appeal or a writ prohibiting the district court from continuing with the disposition of the case and instead directing the district court to reconsider its decision to dismiss the appeal.

Whether to consider a writ petition is within this court's discretion, *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991), and a petitioner bears the burden of demonstrating that extraordinary relief is warranted, *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). "The Nevada Constitution vests the district courts with final appellate jurisdiction in all cases arising in the justices' courts." *Id.* at 227, 88 P.3d at 843; *see* Nev. Const. art 6, § 6. "[A]s a general rule, we have declined to entertain writs that request review of a decision of the district court acting in its appellate capacity unless the district court has improperly refused to exercise its

jurisdiction, has exceeded its jurisdiction, or has exercised its discretion in an arbitrary or capricious manner." *State v. Eighth Judicial Dist. Court (Hedland)*, 116 Nev. 127, 134, 994 P.2d 692, 696 (2000).

We conclude that Ediga fails to demonstrate that extraordinary relief is warranted. First, he fails to demonstrate that a duty was required by law. *See* NRS 34.160. Second, Ediga fails to allege that the district court's decision to dismiss his appeal was "a judicial function without or in excess of its jurisdiction," NRS 34.320. The district court had jurisdiction to consider and dismiss Ediga's appeal, NRS 177.015(1); NRS 189.060; NRS 189.065; therefore, a writ of prohibition is inappropriate. Third, he fails to demonstrate that the district court's dismissal was based on prejudice or preference, contrary to established law, or based on a clearly erroneous interpretation of the law; therefore, he fails to demonstrate that the district court manifestly abused or arbitrarily or capriciously exercised its discretion. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (defining arbitrary or capricious exercise of discretion and manifest abuse of discretion).

Because Ediga fails to demonstrate an exception to our general rule, *see Hedland*, 116 Nev. at 134, 994 P.2d at 696, we

ORDER the petition DENIED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Rob Bare, District Judge
Mueller Hinds & Associates
Attorney General/Carson City
Las Vegas City Attorney
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A