# IN THE SUPREME COURT OF THE STATE OF NEVADA

SERGIO G.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
CYNTHIA N. GIULIANI, DISTRICT
JUDGE,
Respondents,
    and
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES; AND D.M.,
A/K/A D.G.,
Real Parties in Interest.

No. 68763

FILED

SEP 2 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER GRANTING PETITION*

This is an original petition for a writ of mandamus challenging a district court order denying a motion to dismiss an abuse-and-neglect petition.

## *FACTS AND PROCEDURAL HISTORY*

In December 2012, Petitioner Sergio G. was charged with battery constituting domestic violence for an incident in which he attacked his girlfriend, who was seven-months pregnant with their child at the time. In January 2013, the State filed Petition 3 alleging that Sergio G. neglected his recently born daughter by failing to prevent the pregnant mother from using drugs and by failing to provide for the minor child due to his incarceration following the domestic violence incident. The State did not allege domestic violence itself in Petition 3. Based on Petition 3, the State prepared a case plan for Sergio G. to follow, with the intent of

SUPREME COURT
OF
NEVADA

(O) 1947A

16-29457

eventually reunifying Sergio G. with his daughter, while also looking out for her safety and well-being.

In May 2013, Sergio G. pleaded guilty to battery constituting domestic violence. In November 2013, the State filed a petition to terminate Sergio G.'s and the mother's parental rights. This was the first time that the State alleged domestic violence outside of the criminal proceedings. The district court ultimately denied that petition, specifically finding the following:

- Sergio G. had completed his case plan to the best of his ability from inside prison;

- Sergio G. had completed parenting classes and anger management classes in prison, although anger management classes were not required as part of his case plan;

- Sergio G. contacted his case manager on an average of once per week while incarcerated to inquire as to the well-being of the minor child and to request photographs of her;

- Sergio G. communicated with the minor child regularly, consistently, and appropriately;

- Sergio G. and the minor child could have a loving and supporting relationship in the future;

- Sergio G. did not pose a risk of serious physical, mental, or emotional harm to the minor child; and

- The State had the responsibility to include domestic violence classes in the case plan following Petition 3, and it failed to do so.[1]

---

[1]The accuracy of the district court's findings of fact and conclusions of law from the termination proceeding is not before the court in this proceeding.

SUPREME COURT
OF
NEVADA

(O) 1947A

In March 2015, the State sought to amend Sergio G.'s case plan to include domestic violence classes. After the hearing master denied the State's request, the State filed Petition 4, which contained allegations of domestic violence arising out of the same incident as the Petition 3.[2]

Sergio G. moved to dismiss Petition 4 based on, among other things, claim preclusion and laches. The hearing master granted the motion on claim preclusion, laches, and due process grounds. The State filed an opposition to the hearing master's findings and recommendation. The district court then overruled the hearing master and denied Sergio G.'s motion to dismiss, stating that "no basis to dismiss the petition exists under NRCP 12 and [that] the Hearing Master's Findings were clearly erroneous."[3] Sergio G then filed the instant petition.

## DISCUSSION

*Extraordinary relief is appropriate*

"A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Where there is no "plain, speedy and adequate remedy in the ordinary course of law," extraordinary relief may be available. *Oxbow Constr., LLC v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 86, 335 P.3d 1234, 1238 (2014) (internal quotations omitted). Whether a writ of mandamus will be

---

[2]Two months later, Sergio G. was released from prison. He also obtained a home and employment.

[3]The district court's order did not address the best interests of the child or elaborate as to why the Hearing Master's findings were clearly erroneous.

 

considered is within our sole discretion. *Libby v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 39, 325 P.3d 1276, 1278 (2014). It is the petitioner's burden to demonstrate that our extraordinary intervention is warranted. *Oxbow Constr., LLC*, 130 Nev., Adv. Op. 86, 335 P.3d at 1238.

An appeal is generally an adequate legal remedy precluding writ relief. *Id.* We may use our discretion, however, to consider writ petitions where an important issue of law needs clarification or judicial economy is served. *Id.*

The unusual facts in this case demand our consideration of the instant petition. Allowing the State unfettered power to arbitrarily deny a parent his right to raise his child has serious ramifications. Furthermore, any additional delay in reunification would only serve to further prejudice the father and child in this case. Accordingly, we will exercise our discretion and consider the petition.

*Standard of Review*

We review a district court's factual findings for an abuse of discretion. *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). We review questions of law de novo. *Lawrence v. Clark Cty.*, 127 Nev. 390, 393, 254 P.3d 606, 608 (2011). Here, the legal conclusions, not the facts, are disputed, so we exercise de novo review.

*Absent evidence indicating that the best interests of the child are at risk, equitable relief is available as a remedy.*

Counsel for the minor child argues that laches is categorically unavailable in cases involving abuse and neglect petitions due to concerns for the child's wellbeing. Although the best interests of the child are paramount, absent evidence or any new factual allegations that those interests are jeopardized, we hold that equitable relief remains available.

"[I]n the absence of findings of parental unfitness, a parent is presumed to make decisions in the best interest of his or her child. *In re Parental Rights as to A.G.*, 129 Nev., Adv. Op. 13, 295 P.3d 589, 596 (2013) (citing *Troxel v. Granville*, 530 U.S. 57, 65 (2000)).

Here, regarding the termination, the district court actually found in 2013 that Sergio G. did not pose a threat, and that Sergio G. and his daughter could have a loving and supportive relationship in the future. Upon this finding, the State's focus should have been preparing for reunification after Sergio G.'s successful completion of the State's case plan. Instead, the State waited another 16 months to file Petition 4.

Neither the State in Petition 4, nor the minor child's counsel, alleged any facts to demonstrate that Sergio G. poses any more danger now than he did when the State filed Petition 3 in January 2013. Moreover, the State and the minor child's counsel fail to allege any new facts to demonstrate that Sergio G. poses a greater risk now than when the district court specifically found that he posed no risk during the parental rights proceedings in November 2013. The State seeks only to add new claims to its petition based on facts it was aware of when it originally filed Petition 3, and when it sought to terminate Sergio G.'s parental rights. Absent any allegations of new facts to demonstrate potential harm to the child, equitable relief is available and appropriate.[4]

---

[4]We note that dismissing Petition 4 does not necessarily compel instant custody. Petition 3 and the State's case plan that emanated from Petition 3 remain valid and Sergio G. must continue to complete any requirements therein.

*Petition 4 is precluded by the doctrine of laches*

Sergio G. argues that 22 months is an inexcusable delay for the State to add domestic violence classes to his case plan. He also argues that the State implicitly waived requiring domestic violence classes because the State did not require the classes until after he completed his case plan to the best of his ability and did not seek to add the classes until the eve of his release from prison. He further argues that any further delay is prejudicial because adding additional time before a possible reunification increases the difficulty in establishing a bond with his daughter. The State, however, argues that adding domestic violence classes is necessary to ensure the minor child's safety and that her best interests are paramount. We agree with Sergio G.

"Laches is an equitable doctrine which may be invoked when delay by one party works to the disadvantage of the other, causing a change of circumstances which would make the grant of relief to the delaying party inequitable." *Bldg. & Constr. Trades Council of N. Nev. v. State ex rel. Pub. Works Bd.,* 108 Nev. 605, 610-11, 836 P.2d 633, 636-37 (1992). Whether laches applies "depends upon the particular facts of each case." *Carson City v. Price,* 113 Nev. 409, 412, 934 P.2d 1042, 1043 (1997).

Laches applies in cases when (1) there was an inexcusable delay in seeking action, (2) an implied waiver arose from the petitioner's conduct leading up to the legal action, and (3) the respondent has been prejudiced by the delay. *Bldg. & Constr. Trades Council,* 108 Nev. at 611, 836 P.2d at 637. In *Building & Construction Trades Council,* we held that a one month delay was inexcusable when a petitioner was aware of the conduct underlying an injunction request, but waited anyway. *Id.* at 611-12, 836 P.2d at 637; *see also State v. Eighth Judicial Dist. Court (Hedland),* 116 Nev. 127, 135, 994 P.2d 692, 697 (2000) (stating that an 11

month delay was inexcusable). We have also held that knowledge, without appropriate action, is an implied waiver when the petitioner lodged a verbal complaint with the respondent, but waited a month to file the injunction petition. *Bldg. & Constr. Trades Council*, 108 Nev. at 611-12, 836 P.2d at 637. Finally, we concluded that allowing a party to complete significant work was substantial prejudice when the petitioner was aware of the work, but decided to wait to file the petition anyway. *Id.* at 612, 836 P.2d at 637.

As demonstrated in the December 2012 criminal complaint, the State knew that Sergio G. had committed an act constituting domestic violence before it filed Petition 3 in January 2013. Moreover, the State knew for 22 months that Sergio G. pleaded guilty to domestic violence before it sought to amend the case plan or file a new petition. When we compare this case to the 1 month delay in *Building & Construction Trades Council*, or the 11 month delay in *Hedland*, we are compelled to conclude that the 22 month delay here was inexcusable.

The State implicitly waived adding domestic violence to Sergio G.'s case plan when it attempted to terminate his rights in November 2013. If the State was only looking to protect the minor child's best interests, it would have alleged domestic violence in Petition 3, or soon thereafter, and would have added the appropriate classes to Sergio G.'s case plan in 2013. It did neither. Instead, the State attempted to completely sever the father-daughter relationship and waited an additional 16 months after failing to do so to attempt to add new requirements. Accordingly, we are not convinced that the State, through its actions, did not implicitly waive its argument that the added requirements are necessary for the child's protection.

Although the State claims that Sergio G. cannot show prejudice because domestic violence classes were not offered in prison, there is no evidence before us at this time that the State inquired as to the availability of domestic violence classes, or reasonable substitutes, while Sergio G. was incarcerated. The record indicates that, instead, the State was focused more on preventing reunification rather than making an eventual reunification safer. If the State wanted to seek domestic violence classes as a protection for the minor child, the time would have been in 2013 when creating the case plan, and certainly no later than immediately after its failed attempt to terminate Sergio G.'s parental rights. However, the State waited almost two years after creating the case plan, and 16 months after the district court had denied the State's petition to terminate parental rights, when it found that Sergio G. did not pose a risk, and a future relationship with his daughter was indeed possible.

Counsel for the minor child claims that the only alleged prejudice in this case is additional delay, and that delay is not prejudice. We disagree. Sergio G. has already missed out on 42 months of his young daughter's life. The minor child is over three-years-old now, and each month delayed is another month of his daughter's childhood that neither Sergio G. nor his daughter can ever recover. Moreover, further delay is prejudicial given the fact that, when denying the State's request to terminate parental rights, the district court noted that Sergio G. was not a danger to his child and that Sergio G. and his daughter could have a "loving and supportive relationship" in the future.

The State argues that to grant Sergio G.'s petition would effectively prevent the State from ever amending a case plan. That argument is without merit. Nothing in this order should be read to

prevent the State from timely amending a case plan based on facts that were not available when it filed an initial petition or when it created an original case plan. However, when the State is aware of the pertinent facts from the outset, but chooses not to address issues based on those facts until almost two years later, laches may apply when there is no evidence that equitable relief prejudices the best interests of the child.[5] In this case, the record lacks such evidence, therefore, we conclude that laches applies.

## CONCLUSION

We conclude that the exercise of our discretion is warranted in this case and grant Sergio G.'s petition.[6] Accordingly we,

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to grant Sergio G.'s motion to dismiss Petition 4.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

---

[5]Had the record indicated that dismissing the State's petition would be harmful to the minor child, laches would be inappropriate. However, neither the State nor the minor child's counsel have alleged any new facts—previously unavailable to them—to demonstrate that the child's best interests are at risk.

[6]Because we grant Sergio G.'s petition for a writ of mandamus based upon laches, we decline to address the remaining grounds in the petition.

cc: Hon. Cynthia N. Giuliani, District Judge
Special Public Defender
Lewis Roca Rothgerber Christie LLP/Las Vegas
Legal Aid Center of Southern Nevada, Inc.
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A