ROBERT KEVIN MOORE, Appellant, *v.* THE STATE
OF NEVADA, Respondent.

No. 23576

May 7, 1993                                   851 P.2d 1062

*Morgan D. Harris,* Public Defender, and *Ralph E. Baker,*
Deputy Public Defender, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex
Bell,* District Attorney, *James Tufteland,* Chief Deputy District
Attorney, and *John P. Lukens,* Deputy District Attorney, Clark
County, for Respondent.

## OPINION

*Per Curiam:*

The State charged appellant by information with one count of
sexual assault upon a minor under fourteen years of age. At trial
appellant denied all culpability. At the close of the appellant's
case, the judge and both counsel discussed the proposed jury
instructions. The prosecution had prepared instructions on lewd-

ness with a minor as a lesser-related offense to sexual assault upon a minor. However, appellant expressly objected to the instructions. The court overruled the objection and instructed the jury on lewdness as a lesser-related offense.

The jury found appellant guilty of lewdness with a minor, but acquitted him of sexual assault upon a minor. The trial court sentenced appellant to a three-year prison term, but suspended his sentence to four years of probation. This appeal ensued. Appellant contends that under the facts of this case, the court erred in giving an instruction on lewdness with a minor as a lesser-related offense when the only charge was sexual assault upon a minor. We agree and reverse.

## DISCUSSION

In Moore v. State, 105 Nev. 378, 776 P.2d 1235 (1989), this court adopted the concept of lesser-related offenses from People v. Geiger, 674 P.2d 1303 (Cal. 1984). We held in *Moore* that instructing a jury on a lesser-related offense for conduct that would otherwise amount to an uncharged offense required the satisfaction of three conditions: (1) the lesser offense is closely related to the offense charged; (2) defendant's theory of defense is consistent with a conviction for the related offense; and (3) evidence of the lesser offense exists. *Moore,* 105 Nev. at 383, 776 P.2d at 1238-39.

Appellant asserts that under the circumstances of this case, lewdness with a minor is not a lesser-related offense of sexual assault upon a minor. Specifically, he maintains that the second *Moore* condition is not satisfied. He contends that a conviction based on a charge of lewdness is inconsistent with his defense theory because he based his defense on a complete denial of culpability, and thus his denial would not support a conviction for any lesser crime.

However, the State argues that appellant's defense theory was consistent with a conviction for lewdness with a minor because no matter what the charge, appellant would have asserted the *same* defense—no illicit activity occurred. We cannot agree.

We are persuaded that *Moore's* second condition, that the defendant's theory of defense is consistent with a conviction for the related offense, is not met under these facts. In elucidating this condition, the *Geiger* court stated that a conviction on a lesser-related offense is inconsistent with the offense charged particularly where "the defense theory and evidence reflect a complete denial of culpability . . . ." *Geiger,* 674 P.2d at 1316.

Indeed, appellant denied all wrongdoing in this case. He claimed his actions were playful, innocent and brotherly in nature rather than sexually motivated. Thus, appellant's version does not comport with the crime of lewdness.

Moreover, contrary to the State's argument, the second element of the *Moore* test does not ask whether the defendant's theory would remain the same regardless of the charge. Instead, this condition requires a showing that the defendant admits to conduct which constitutes some lesser crime. Stanifer v. State, 109 Nev. 304, 849 P.2d 282 (1993) (defendant charged with the felony of pandering to engage in prostitution requested an instruction on the lesser offense of solicitation pursuant to his defense theory that he intended to commit the misdemeanor of solicitation for prostitution); Lord v. State, 107 Nev. 28, 806 P.2d 548 (1991) (faced with charges of first degree murder and robbery with a deadly weapon, defendant asked for an instruction on the crime of possession of stolen property because he received the stolen vehicle after the vehicle's owner had been murdered); *Moore*, 105 Nev. at 382-84, 776 P.2d at 1238-39 (charged with second degree murder, the appellant defended by arguing that his involvement in the crime consisted of disposing of the body, and thus appellant requested a jury instruction on the offense of accessory after the fact).

Conversely in the instant case, appellant not only denied any culpability for lewdness or sexual assault, but he also objected to the instruction on the lesser-related offense. Thus, appellant's defense was totally inconsistent with a conviction for lewdness. In sum, under the facts of this case, lewdness did not constitute a lesser-related offense of sexual assault.

Additionally, the respondent did not amend the information to include the offense of lewdness with a minor. Indeed, the State also objected to the lesser-related offense instruction which the district court alone determined to give. As a result, appellant was convicted of an uncharged, unrelated offense. This constitutes another reason why appellant's conviction cannot stand. McKinnon v. State, 96 Nev. 821, 618 P.2d 1222 (1980).

We have carefully considered the other issues raised on appeal and conclude that they lack merit or need not be addressed given our disposition of this matter. Accordingly, we reverse the judgment of conviction.