*1211 OPINION
By the Court,
Steffen, C. J.:

FACTS

On August 14, 1993, Nevada Highway Patrol Trooper Chava Chevat noticed an approaching car, driven by appellant James Joseph Johnson, exceeding the 55 mile-per-hour speed limit. Chevat turned around and paced the vehicle at 70-plus miles per hour and pulled Johnson over. Johnson and his girlfriend testified that just prior to being stopped, Johnson had sped up to between 70-75 miles per hour to pass a slow-moving line of vehicles. Chevat arrested Johnson for driving with a revoked license, and in the course of searching Johnson, noticed that he spoke in a quiet, slightly slurred manner and did not face Chevat when he spoke to her. Chevat transported Johnson to the Esmeralda County jail, and while doing so, smelled a strong odor of an alcoholic beverage on Johnson’s breath.
At the jail, Johnson submitted to various field sobriety tests, including a horizontal gaze nystagmus (“HGN”) test, a one-leg stand test, and a walk and turn test. Chevat claimed that Johnson failed the tests, but another officer, who was present at the time, testified that Johnson did not pass or fail the tests, but was “borderline.” For example, Johnson had a lazy eye which affected the HGN test. Johnson also stood on one leg for 30 seconds, but he did not correctly count to or stop at 30. Finally, Johnson claims that an obstructing stairway in the jailhouse hindered an adequate performance of the walk and turn test, a claim that the State concedes may have merit. Johnson also elected to submit to a breath test, which showed a 0.11 percent blood alcohol content (“BAC”) at 2:31 a.m. and a 0.10 percent BAC at 2:36 a.m. Subsequently, Johnson was charged with driving while intoxicated in violation of NRS 484.379.[1]
*1212 At trial, an expert witness testified that the breath machine that was used on Johnson had a margin of error of ten percent. This created the possibility that Johnson’s BAC was below 0.10 percent at the time of the test.
Witnesses for the State testified that Johnson had told them that he had had a mixed drink prior to driving. Johnson and his girlfriend testified that Johnson had nothing to drink from Beatty to Goldfield, that he purchased a forty-ounce bottle of malt liquor in Goldfield, from which he sipped on and off between Goldfield and five minutes before the stop. Johnson testified that the bottle was barely drained, but his girlfriend testified that the bottle was three-quarters full when she later threw it away.
During cross-examination of Chevat, Johnson’s counsel attempted to impeach Chevat by referring to testimony Chevat provided in an unrelated criminal prosecution. The State successfully objected to this line of questioning; so, out of the presence of the jury, Johnson made an offer of proof, which suggested, according to Johnson, that Chevat arbitrarily subjected persons to blood alcohol tests pursuant to NRS 484.383(1).[2]
At the end of the trial, Johnson’s counsel asked the court for a lesser included instruction on reckless driving, a lesser-related instruction on reckless driving and a definition of reckless driving. Johnson argued,
*1213 if the jury sees this as not being beyond a reasonable doubt as under the influence, or .10, they could well see the reckless driving in that. There’s evidence that [appellant] was speeding and he had an open container, and obviously, whatever they find the blood alcohol level to be, that he was drinking and driving. And I think the jury could well put together that, [and] say that’s reckless.
The district court refused these instructions, reasoning that:
[The instruction is] really not consistent with your defense. Your defense is basically based on the fact that your client is not under the influence or that the machine is — the showing of the machine is less than what the presumption is. And that’s the reason why I’m going to object — or rejecting it in this particular case.
After trial, the jury returned guilty verdicts for driving while under the influence and driving with 0.10 percent or more blood alcohol content.

DISCUSSION

In Stanifer v. State, 109 Nev. 304, 849 P.2d 282 (1993), we stated that:
[I]n some circumstances, fairness to the defendant requires the district court to instruct the jury on lesser-related offenses. . . . The rationale for requiring an instruction on a lesser-related offense is to give the trier of fact an option “‘other than conviction or acquittal when the evidence shows that the defendant is guilty of some crime but not necessarily the one charged . . . .’”
Id. at 307, 849 P.2d at 284-85 (citation omitted) (quoting Moore v. State, 105 Nev. 378, 383, 776 P.2d 1235, 1238 (1989) (quoting People v. Geiger, 674 P.2d 1303, 1307-08 (Cal. 1984)). In Moore, we held that:
[T]he jury should receive instruction on a lesser-related offense when three conditions are satisfied: (1) the lesser offense is closely related to the offense charged; (2) defendant’s theory of defense is consistent with a conviction for the related offense; and (3) evidence of,the lesser offense exists.
Moore, at 383, 776 P.2d at 1238-39.
A defendant’s theory of defense is not consistent with the conviction for the related offense if “‘the defense theory and *1214 evidence reflect a complete denial of culpability ....”’ Moore v. State, 109 Nev. 445, 446, 851 P.2d 1062, 1063 (1993) (quoting Geiger, 674 P.2d at 1316). “Instead, this [lesser-related instruction] requires a showing that the defendant admits to conduct which constitutes some lesser crime.” Id. at 447, 851 P.2d at 1063; see also Moore, 105 Nev. at 382-84, 776 P.2d at 1238-39 (reversing district court’s refusal to instruct on lesser crime where appellant’s defense to charge of second-degree murder was involvement only as accessory after the fact).
The State argues that there was no evidence provided at trial that demonstrated that Johnson was driving in a reckless manner. Indeed, the State notes that even Johnson’s girlfriend testified that Johnson Was driving safely prior to the stop. Insisting that the sole reason for the stop was Johnson’s high rate of speed, the State down played Johnson’s drunken state, claiming that “the testimony was only that he had taken fewer than four sips or drinks from his beer, and only two since leaving Tonopah fifty miles back.” Consequently, the State argues that because no real evidence of the lesser-related offense of reckless driving existed, Johnson does not meet the requirements of Moore and there was no error in refusing the requested instruction.
We disagree. Following Moore’s three-step analysis, we first conclude that reckless driving is closely related to the offense of driving under the influence. While Nevada has no statute which presumes that intoxication is evidence of negligent or reckless driving, the present facts sufficiently reflect an aspect of recklessness that could support a finding of reckless driving. Johnson admitted that he had been sipping an alcoholic beverage while driving, that he had an opened alcoholic beverage in the car when stopped, that he had passed several cars in the passing lane at an excessive rate of speed, and that he was driving with a revoked license.
Second, merely because the defense attempted to argue that Johnson was not driving under the influence with a 0.10 percent or greater BAC, does not mean that the defense theory was inconsistent with a conviction of reckless driving. Indeed, it is likely that if Johnson’s requested instruction had been given, defense counsel would have attempted to convince the jury that Johnson’s conduct was deserving of nothing more than a conviction of reckless driving.
Finally, the third prong of the Moore test was satisfied by evidence of Johnson’s high speed while drinking, which together constitute an arguable basis for a finding of reckless driving.
Because the breath test result's were the only evidence pre *1215 sented to prove that Johnson was driving with a BAC of 0.10 percent or higher, and Since these results may have erroneously elevated the results above 0.09 percent BAC, this case is one in which a lesser-related instruction ought to have been given. See Geiger, 674 P.2d at 1312 (“in absence of substantial countervailing considerations justifying continuation of the rule that instructions need be given only on included offenses, due process requires that instructions on related offenses be given on request of the defendant in appropriate circumstances”). We therefore conclude that the district court erred in refusing to allow the lesser-related reckless driving instruction.[3]
*1216 Johnson also contends that the district court erred in denying him the opportunity to question Chevat about statements she made in a prior criminal proceeding. We do not agree. In the instant case, Chevat had more than reasonable grounds to believe that Johnson was under the influence of alcohol and to subject him to a blood alcohol test. See NRS 484.383(1). When Johnson spoke to Chevat, he did so in a quiet, slightly slurred manner, turning his face away from the officer. Chevat observed an open container of alcohol in Johnson’s car, smelled alcohol on his breath, and concluded that Johnson failed three field sobriety tests administered by the officer. There was no basis for attempting to impeach Chevat’s reasons for requiring Johnson to submit to a blood alcohol test. The district court did not err in refusing to allow defense counsel to pursue an unrelated experience concerning Officer Chevat’s conduct.
We have considered all other arguments raised on appeal and conclude that they are without merit.

CONCLUSION

Because the district court’s refusal to instruct the jury on the lesser-related offense of reckless driving was prejudicial, we reverse the district court’s judgment of conviction and remand this case to the district court for a new trial.
Young, Springer and Rose, JJ., concur.

NRS 484.379 provides in part:
1. It is unlawful for any person who:
*1212 (a) Is under the influence of intoxicating liquor;
(b) Has 0.10 percent or more by weight of alcohol in his blood; or
(c) Is found by measurement within 2 hours after driving or being in actual physical control of a vehicle to have 0.10 percent or more by weight of alcohol in his blood,
to drive or be in actual physical control of a vehicle on a highway or on premises to which the public has access.
Johnson had at least two previous DUI convictions outside the State of Nevada. Consequently, he was charged with committing a felony. See NRS 484.3792(1)(c).

NRS 484.383 provides in part:
1. ... any person who drives or is in actual physical control of a vehicle on a highway or on premises to which the public has access shall be deemed to have given his consent to an evidentiary test of his blood, urine, breath or other bodily substance for the purpose of determining the alcoholic content of his blood or breath or the presence of a controlled substance when such a test is administered at the direction of a police officer having reasonable grounds to believe that the person to be tested was driving or in actual physical control of a vehicle while under the influence of intoxicating liquor or a controlled substance.

The dissenting justice concludes that driving under the influence and reckless driving are not closely related. The former, she contends, focuses on the impaired condition of the driver, while the latter applies to “the improper operation of a vehicle.” It seems clear to us that a person who travels at an excessive speed while drinking malt liquor or other alcoholic beverages may easily be found to be willfully or wantonly disregarding the safety of other travelers on the highway. It is simply “improper” to operate a vehicle under such circumstances. Indeed, we would be hard pressed to conclude that driving under the influence of alcohol, with a consequent impairment of the driver’s faculties, would not include a component of recklessness. In effect, we so held in Albitre v. State, 103 Nev. 281, 738 P.2d 1307 (1987). Albitre was a case involving an intoxicated driver who caused the deaths of two innocent people. The State not only .convicted Albitre of two counts of felony DUI, but also of two counts of involuntary manslaughter and two counts of felony reckless driving. The Albitre court, concluding that the reckless driving (and involuntary manslaughter) counts were redundant, held:
The gravamen of all the charges is that Albitre proximately caused the death of two persons by operating a vehicle in a reckless and unsafe manner due to her intoxication. The State has simply compounded the convictions by eliminating the aspect of alcohol from the four counts under question. We are convinced that the Legislature never intended to permit the State to proliferate charges as to one course of conduct by adorning it with chameleonic attire. Although charging to the limit may be justified to cover developing nuances of proof, the jury should have received an instruction limiting the number of conviction alternatives.
Id. at 284, 738 P.2d at 1309.
The dissenting justice also contends that Johnson did not admit to reckless driving. Again we disagree. There is no requirement that a defendant mention the lesser offense by its proper name, but only that he or she admits to conduct that constitutes some lesser crime. Moore, 109 Nev. at 447, 851 P.2d at 1063. Johnson admitted to speeding, and, contrary to our dissenting colleague’s representation, also admitted to drinking from a bottle of malt liquor while driving. He denied driving while intoxicated, but since the tests were borderline, it clearly could have been argued, consistent with the evidence and a lesser-included offense instruction, that although Johnson was not intoxicated, he was arguably recklessly endangering the lives of others by operating a vehicle while speeding and consuming alcohol.
It appears that our dissenting colleague is also of the impression that reckless driving requires some overt signs of recklessness in the operation of a vehicle. Thus, she concludes with respect to Johnson, that except for his admission to exceeding the speed limit, “[tjhere is no indication the defendant otherwise failed to operate his vehicle in a safe and responsible manner.” We would hardly agree that speeding and driving while under the influence of *1216 alcohol (the latter offense being the crime for which Johnson was convicted and which our dissenting colleague would affirm) constitute operating a vehicle in “a safe and responsible manner.”