Shearing, J.,
dissenting:
I would affirm the judgment of conviction for driving under the influence of intoxicating liquor or controlled substances. The majority holds that the trial court erred by not allowing a jury instruction for the offense of reckless driving on the ground that reckless driving is a lesser-related offense. A lesser-related offense instruction may be given only when three conditions are satisfied: (1) the lesser offense is closely related to the offense charged; (2) defendant’s theory of defense is consistent with a conviction for the related offense; and (3) evidence of the lesser offense exists. Moore v. State, 105 Nev. 378, 383, 776 P.2d 1235, 1239 (1989) (Moore I). I do not agree that the evidence in this case supports any of the conditions required under Moore I.
Driving under the influence and reckless driving are not closely related offenses. The offense of driving under the influence focuses on the impaired condition of the driver. The offense *1217 of reckless driving, on the other hand, focuses on the improper operation of a vehicle. A person could be guilty of both offenses at the same time, but the gravamen of each is totally different, thereby precluding the offenses from being “closely related.”[1]
To be entitled to an instruction on the lesser-related offense, the defendant’s theory of defense for DUI (the charged offense), must be consistent with a conviction for reckless driving, the lesser-related offense. Moore, 105 Nev. at 383, 776 P.2d at 1239. Here, the defense theory for the driving under the influence charge is not consistent with a conviction for reckless driving. Although the defendant admitted to speeding and taking two swallows of malt liquor, he specifically denied that he was impaired or that he was driving recklessly. The defendant did not admit to any conduct which constitutes the lesser-related crime as required in Moore v. State, 109 Nev. 445, 447, 851 P.2d 1062, 1063 (1993) (Moore II). The defense is therefore inconsistent with a conviction for the lesser-related offense of reckless driving, because the defendant denied all conduct which would constitute reckless driving.
In order to commit the crime of reckless driving, a person must act in a manner prohibited by the statute. NRS 484.377(1) provides as follows:
It is unlawful for any person to:
(a) Drive a vehicle in willful or wanton disregard of the safety of persons or property.
(b) Drive a vehicle in an unauthorized speed contest on a public highway. A violation of this subsection or subsection 1 of NRS 484.348 constitutes reckless driving.
Johnson never averred that he drove in willful or wanton disregard of the safety of persons or property or that he engaged in a speed contest. Thus, he did not admit to conduct which constitutes the lesser-related offense of reckless driving.
The evidence in this case does not establish the crime of reckless driving as required by the third prong in Moore I. The only driving offense of which there was evidence was that Johnson was driving at a high speed — the defendant admitted it and the officer who stopped the defendant cited him for this offense. The majority presumes that because the defendant was driving while drinking, he was driving recklessly. Although driv *1218 ing while or after drinking may result in driving recklessly, it does not necessarily constitute reckless driving under the law. If driving while or after drinking automatically constituted reckless driving under the law, then reckless driving would be a lesser-included offense, not a lesser-related offense. Virtually all of the courts which have considered this issue have concluded that reckless driving is not a lesser-included offense of driving while intoxicated. See Wendy Evans Lehmann, Annotation, Reckless Driving as Lesser Included Offense of Driving While Intoxicated or Similar Charge, 10 A.L.R. 4th 1252 (1981).
I am troubled by the precedent this case sets. The holding requires the district court to give jury instructions on misdemeanors that are only peripherally related to the charged offense. Jurors have enough difficulty understanding jury instructions on primary charges. Adding a layer of instructions on issues that are not germane to the primary charge unnecessarily complicates the matter.
Furthermore, the court seems to deprive the prosecution of its discretion to decide which crimes to prosecute. The result is that the defense would be able to distract attention from the more serious offense. The reason that lesser-related offense instructions are even given is out of fairness to the defendant. Stanifer v. State, 109 Nev. 304, 307, 849 P.2d 282, 284 (1993). I cannot see how Johnson was prejudiced in any way by the court’s failure to give the reckless driving instruction. If Johnson was driving while impaired by alcohol, he should have been convicted of driving under the influence of alcohol. If he was not impaired, he should have been acquitted of the charge.
The factors outlined in Moore I indicating when an instruction on a lesser-related offense is merited should be strictly observed. The trial judge was correct in refusing to give a lesser-related offense instruction for reckless driving and therefore the judgment of conviction should be affirmed.

This case is clearly distinguishable from Albitre v. State, 103 Nev. 281, 738 P.2d 1307 (1987), where the defendant was charged with (1) involuntary manslaughter, (2) causing the death of another by driving a vehicle while intoxicated, and (3) causing the death of another by reckless driving. The gravamen of each of these three offenses was causing the death of a human being by operating a motor vehicle.