An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DAVID THOMAS WARREN,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 64338<br><br>FILED<br><br>JUN 10 2015<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY _____<br>DEPUTY CLERK |

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of felony driving and/or being in actual physical control while under the influence of intoxicating liquor. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

First, appellant David Thomas Warren claims that the district court violated his statutory and constitutional rights to a speedy trial, *see* NRS 178.556; U.S. Const. amend. VI. We reject the statutory claim under NRS 178.556(2), which provides that a district court may dismiss a charging document if the defendant is not brought to trial within 60 days after arraignment, because the district court did not abuse its discretion by determining that the State demonstrated good cause for the first delay—the unavailability of a witness—and by continuing the second trial setting when Warren was not transported from the prison, *see Meegan v. State*, 114 Nev. 1150, 1154, 968 P.2d 292, 294 (1998) ("A dismissal is mandatory only if the State cannot show good cause for the delay."), *abrogated on other grounds by Vanisi v. State*, 117 Nev. 330, 22 P.3d 1164 (2001); *see also In re Hansen*, 79 Nev. 492, 495, 387 P.2d 659, 660 (1963)

15-17661

(holding that the 60-day statute is intended "to prevent arbitrary, willful, or oppressive delays"), and Warren has not demonstrated that he was prejudiced by the delays, *see Browning v. State*, 104 Nev. 269, 271, 757 P.2d 351, 352 (1988).[1]

We also reject Warren's constitutional challenge because the post-accusation delay of 286 days was not presumptively prejudicial. *Doggett v. United States*, 505 U.S. 647, 651-52 (1992) ("[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay." (internal quotation marks omitted)); *see also Barker v. Wingo*, 407 U.S. 514, 530 (1972) (identifying four factors to consider when a deprivation-of-speedy-trial claim is made but recognizing the first factor, the length of delay, as a triggering mechanism); *Doggett*, 505 U.S. at 652 n.1 (noting that generally post-accusation delays are presumptively prejudicial as they approach the one-year mark).[2]

---

[1]To the extent Warren references pre-indictment delay (the delay between his arrest and the filing of the criminal complaint), he fails to provide any relevant authority, and we therefore decline to consider this issue. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

[2]While Warren cites to *Sheriff v. Berman*, 99 Nev. 102, 659 P.2d 298 (1983), and *State v. Robles-Nieves*, 129 Nev., Adv. Op. 55, 306 P.3d 399 (2013), for his proposition that the period of delay was from his arrest until trial began, this case is distinguishable in that Warren was not held, either in custody or under indictment, on this matter for the period between June 1, 2011, and February 28, 2012. *See United States v. Loud Hawk*, 474 U.S. 302, 310 (1986) ("[T]he time during which defendants are neither under indictment nor subject to any restraint on their liberty

*continued on next page . . .*

Moreover, even considering the four *Barker* factors, we conclude that Warren did not suffer a deprivation of his constitutional right to a speedy trial. *See Barker*, 407 U.S. at 530; *Bailey v. State*, 94 Nev. 323, 324, 579 P.2d 1247, 1248 (1978) (concluding that a 224-day delay between arraignment and trial was not a violation of appellants' rights to a speedy trial when there was no evidence that the delay was intentional and when there was no prejudice from the delay).

Second, Warren claims that the district court abused its discretion by granting the State's first motion to continue because the motion failed to conform to local court rules and was not made in good faith and because the State failed to exercise any diligence in securing the missing witness's presence. The district court found that good cause existed for the continuance when the State represented that a chemist who analyzed Warren's blood was unavailable, and Warren has not demonstrated that the delay was the particular fault of the State or for an improper purpose. *See Lord v. State*, 107 Nev. 28, 42, 806 P.2d 548, 557 (1991). We conclude that the district court did not abuse its discretion by granting the continuance. *See Sparks v. State*, 96 Nev. 26, 28, 604 P.2d 802, 804 (1980) ("[The failure to file a motion and supporting affidavits]

---

*. . . continued*

should be excluded—weighed not at all—when considering a speedy trial claim.").

will rarely be the basis for finding an abuse of discretion where the trial court has determined good cause exists for granting a continuance.").

Third, Warren claims that the district court erred in refusing to give a jury instruction on reckless driving, his theory of defense, and cites to *Johnson v. State*, 111 Nev. 1210, 1214-15, 902 P.2d 48, 50-51 (1995), for the proposition that reckless driving is closely related to DUI. This claim lacks merit for two reasons. First, *Johnson* is distinguishable. We held the instruction should have been given in *Johnson* because the only evidence of DUI were breath test results of 0.11 and 0.10 percent blood alcohol content (BAC), so close to the (then) legal limit of 0.10 percent that they easily could have been erroneous. *Id.* In contrast, all of Warren's blood tests resulted in BAC readings over 0.20 percent, too far above the legal limit of 0.08 percent for there to be a potential error requiring an instruction under *Johnson*. Second, while a defendant is entitled to a jury instruction on his theory of the case if some evidence supports it, *Harris v. State*, 106 Nev. 667, 670, 799 P.2d 1104, 1105-06 (1990), we have held since *Johnson* that a defendant is not entitled to an instruction on uncharged lesser-related offenses, *Peck v. State*, 116 Nev. 840, 845, 7 P.3d 470, 473 (2000), *overruled on other grounds by Rosas v. State*, 122 Nev. 1258, 147 P.3d 1101 (2006). An instruction on the crime of reckless driving would incorrectly suggest that the jury could find him guilty of a crime that was neither charged nor tried by the State. Accordingly, we conclude that the district court did not err by refusing to

give the instruction. *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005).

Fourth, Warren claims that the State failed to comply with its discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), in that it failed to disclose information that the chemist who originally analyzed Warren's blood had been dismissed under circumstances involving an allegation of possible evidence tampering or gross negligence in handling evidence. Warren contends that, while he learned of this information prior to trial, he did not have enough time to fully investigate and perhaps present evidence that the blood sample was contaminated. "'[T]here are three components to a *Brady* violation: the evidence at issue is favorable to the accused; the evidence was withheld by the state, either intentionally or inadvertently; and prejudice ensued, i.e., the evidence was material.'" *Browning v. State*, 120 Nev. 347, 369, 91 P.3d 39, 54 (2004) (quoting *Mazzan v. Warden*, 116 Nev. 48, 67, 993 P.2d 25, 37 (2000)).

The information regarding the original chemist was otherwise available to the defense, and Warren had the information before trial. *See Steese v. State*, 114 Nev. 479, 495, 960 P.2d 321, 331 (1998) ("*Brady* does not require the State to disclose evidence which is available to the defendant from other sources, including diligent investigation by the defense."). Additionally, Warren fails to demonstrate a reasonable possibility that the information would have affected the outcome at trial, *see Jimenez v. State*, 112 Nev. 610, 619, 918 P.2d 687, 692 (1996) (explaining materiality showing for *Brady* violation), as he was able to

cross-examine the second chemist who analyzed his blood and introduce evidence that the original chemist had been involved in a DNA sample switch ten years earlier that resulted in a false identification. Therefore, Warren fails to demonstrate a *Brady* violation.

Fifth, Warren claims that the district court erred by failing to conduct an evidentiary hearing on his motion to suppress, in which he alleged that the trooper made misrepresentations in his report in order to obtain Warren's blood and analogized the situation to *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978). This claim lacks merit for two reasons. First, *Franks* examines the validity of a search warrant, whereas the trooper in this case conducted a warrantless search pursuant to Nevada's implied consent law. Second, even assuming the district court should have held an evidentiary hearing on the motion, Warren fails to demonstrate that his substantial rights were affected as he was able to cross-examine the trooper at trial regarding any discrepancies and alleged misrepresentations. *See* NRS 178.598.

Sixth, Warren claims that the district court erred by denying his motion for a new trial based on *Missouri v. McNeely*, 569 U.S. ___, 133 S. Ct. 1552 (2013) (plurality opinion), and the trooper's use of Nevada's implied consent law to obtain his blood without a warrant. We have recently held that the warrantless, nonconsensual search provided for in NRS 484C.160(7) is unconstitutional but that the good-faith exception to the exclusionary rule applies when an officer reasonably and in good faith relied on the statute. *Byars v. State*, 130 Nev., Adv. Op. 85, 336 P.3d 939,

942, 947 (2014). In denying the motion, the district court determined that the trooper acted in good faith when relying on the implied consent law; therefore, the district court did not abuse its discretion by denying Warren's motion for a new trial. *See State v. Carroll,* 109 Nev. 975, 977, 860 P.2d 179, 180 (1993) ("[T]his court will not set aside a district court new trial ruling absent an abuse of discretion.").

Seventh, Warren claims that cumulative error entitles him to relief. Because we have only found one error, there are no errors to cumulate. *See United States v. Sager,* 227 F.3d 1138, 1149 (9th Cir. 2000). We conclude that no relief is warranted, and we

ORDER the judgment of conviction AFFIRMED.[3]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[3]We deny Warren's objection to ex parte hearing for and demand to rescind, appointment of appellate counsel, filed pro se on January 24, 2014. *See Blandino v. State,* 112 Nev. 352, 356, 914 P.2d 624, 627 (1996) ("Appellant has neither a statutory right to self-representation on appeal nor a First Amendment right to proceed in proper person on appeal.").

cc:    Hon. Valorie J. Vega, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVAOA

(O) 1947A