IN THE SUPREME COURT OF THE STATE OF NEVADA

ARLYN DAVID HOGARTH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76317

FILED

JAN 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of sexual assault of a child under sixteen, lewdness with a child under fourteen, open or gross lewdness, and two counts of sexual assault of a child under fourteen.[1] Third Judicial District Court, Lyon County; Leon Aberasturi, Judge. Appellant Arlyn Hogarth raises seven main contentions on appeal.

First, Hogarth argues that insufficient evidence supported the three convictions regarding the older of the two victims (lewdness with a child under fourteen and two counts of sexual assault of a child under fourteen). Specifically, Hogarth argues that the older victim's testimony lacked the specificity required to support the convictions and to distinguish between acts of sexual assault and lewdness. The older victim testified that when she was elementary-school age, Hogarth had her rub his penis with her hands, performed cunnilingus on her, and tried to insert his penis into her vagina. She later disclosed this to her mother, her grandmother, an investigator, and during the preliminary hearing. Viewing the evidence in the light most favorable to the State, it was sufficient to establish guilt

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-03314

beyond a reasonable doubt as determined by a rational trier of fact. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008); *see also* NRS 200.366 (elements of sexual assault); NRS 201.230 (elements of lewdness); *LaPierre v. State*, 108 Nev. 528, 531, 836 P.2d 56, 58 (1992) (recognizing that a victim's testimony alone is enough to support a conviction for sexual assault so long as it contains some particularity to provide reliable indicia that the number of charged acts occurred); *Franks v. State*, 135 Nev. 1, 7, 432 P.3d 752, 757 (2019) (reiterating that "a lewdness victim's testimony need not be corroborated" to support a conviction). That the older victim's disclosure was delayed and her testimony lacked certain details does not change this conclusion as "it is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of the witness." *Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975).

Further, the older victim's testimony established sufficient cessation between the acts comprising the lewdness conviction and the two sexual assault convictions to show that the acts were separate and distinct. *See Crowley v. State*, 120 Nev. 30, 33-34, 83 P.3d 282, 285 (2004) (explaining that concurrent convictions for sexual assault and lewdness with a minor may stand when the perpetrator's actions are "separate and distinct," rather than part of the same criminal episode). Indeed, her testimony referencing the different clothing she remembered her and Hogarth wearing, the locations where the incidents occurred, and the nature of Hogarth's acts, necessitate the conclusion that the events were separate and distinct and not incidental to one another. *See id.; Gaxiola v. State*, 121 Nev. 638, 653, 119 P.3d 1225, 1235 (2005) (concluding that it is the State's burden "to show that the lewdness was not incidental to the sexual

assault"). In this same vein, Hogarth argues that his convictions for lewdness and sexual assault violate the Double Jeopardy Clause. However, as lewdness with a minor is not a lesser included offense of sexual assault of a child, *see Moore v. State*, 109 Nev. 445, 447, 851 P.2d 1062, 1063 (1993), the prohibition against double jeopardy is not implicated, *see Estes v. State*, 122 Nev. 1123, 1143, 146 P.3d 1114, 1127 (2006). Accordingly, these arguments do not provide a basis for reversal.

Second, Hogarth argues that the district court erred in admitting testimony from one of the victims that Hogarth regularly watched her shower and put lotion on her body. We review a district court's rulings on the admission of evidence under NRS 48.045(2) for an abuse of discretion. *Newman v. State*, 129 Nev. 222, 231, 298 P.3d 1171, 1178 (2013). NRS 48.045(2) allows admission of prior-bad-act evidence for nonpropensity purposes such as proving motive, intent, preparation, or lack of mistake. To admit such evidence, a district court must first determine that the evidence is relevant, it is proven by clear and convincing evidence, and the danger of unfair prejudice does not substantially outweigh the evidence's probative value. *Fields v. State*, 125 Nev. 776, 782, 220 P.3d 724, 728 (2009). Here, all three factors were met and the district court therefore did not abuse its discretion in admitting the challenged evidence. First, the evidence was relevant to show Hogarth's preparation in gaining the victim's trust and exposing her to physical touch[2] and to show motive and intent by

---

[2]We reject Hogarth's argument that, to be admissible, the prior acts must be similar to the allegations in the charged counts. *See Ledbetter v. State*, 122 Nev. 252, 260-61, 129 P.3d 671, 677-78 (2006) (explaining that to be admissible as evidence of planning under NRS 48.045(2), the test is not whether the prior act and charged crime have common elements, but

demonstrating that Hogarth planned to carry out the charged sexual offenses that occurred within the same timeframe. *See Ledbetter v. State*, 122 Nev. 252, 262, 129 P.3d 671, 678 (2006) (reiterating that evidence of a person's motive to commit a charged crime is admissible under NRS 48.045(2) if the three-factor admissibility test is satisfied). Second, the victim testified that Hogarth watched her shower on multiple occasions and rubbed lotion on her body thereby providing clear and convincing evidence that the acts occurred. Lastly, the danger of unfair prejudice did not substantially outweigh the probative value of the evidence given that it explained Hogarth's grooming tactics and his relationship with the victim. *See Bigpond v. State*, 128 Nev. 108, 118, 270 P.3d 1244, 1251 (recognizing that admission of the victim's prior allegations were probative to establish the victim/offender relationship and that, although prejudicial to the defendant, the danger of unfair prejudice did not outweigh the evidence's probative value).

The district court erred, however, by not issuing a contemporaneous limiting instruction upon admission of the prior-bad-act evidence. *See Ledbetter*, 122 Nev. at 264 n.21, 129 P.3d at 680 n.21 (concluding that, when admitting prior act evidence, the district court should issue a limiting instruction at the time of admission and again during final jury instructions). But this error was harmless because sufficient evidence, independent of the shower incidents, existed to convict Hogarth of the crimes charged and the district court issued a limiting instruction upon realizing it had failed to contemporaneously give one, as well as another when instructing the jury at the close of the case. *See id.*

---

whether they constitute an essential piece of the defendant's preconceived and overarching plan).

(finding the error of failing to give a limiting instruction at the time the district court admitted the prior-bad-act evidence harmless where it did not have a substantial and injurious effect on the verdict). Accordingly, the district court did not abuse its discretion by denying Hogarth's motion for a mistrial based on the limiting-instruction error. *See Rudin v. State*, 120 Nev. 121, 142, 144, 86 P.3d 572, 586-87 (2004) (recognizing a district court's broad discretion to resolve mistrial motions and explaining that this court will not overturn the decision absent an abuse of discretion).[3]

Third, Hogarth claims that the district court improperly limited his cross-examination of the victims' mother regarding an alleged molestation accusation the mother made against her brother years earlier. The district court did not abuse its discretion in limiting Hogarth's attempt to elicit this testimony since the mother denied both making and recanting a molestation accusation. Even had the court allowed Hogarth to pursue this line of questioning, because it did not relate to the victims or Hogarth, and because the alleged events occurred at least 30 years earlier, it would not have affected the jury's perception of the mother's testimony. *See Crawford v. State*, 121 Nev. 744, 758, 121 P.3d 582, 591 (2005) (concluding that the defendant was not prejudiced where further questioning of a witness would not "have affected the jury's perception of [the witness's] testimony").

---

[3]Hogarth's contention that the district court improperly instructed the jury on how to weigh the challenged-prior-act evidence does not rise to the level of plain error because the jury was instructed to only use the evidence for nonpropensity purposes. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (reviewing unobjected-to errors for plain error).

Fourth, Hogarth argues that the district court abused its discretion in admitting the State's rebuttal expert's testimony without disclosing the expert's report. We disagree because the record shows that the expert did not prepare a report, the State provided timely notice of its expert and a summary of the expected testimony, and the district court allowed Hogarth additional time to consult with his expert after the rebuttal testimony to prepare for cross-examination. *See Grey v. State*, 124 Nev. 110, 119, 120 n.17, 178 P.3d 154, 161 & n.17 (2008) (explaining what the State must include when providing notice of an expert and reviewing a district court's decision to admit expert testimony for an abuse of discretion).

Fifth, Hogarth contends that the district court erred by not instructing the jury on the definition of "open or gross" for the lewdness count. Because we have previously held that those terms have ordinary, well-understood meanings, we conclude that the district court did not plainly err.[4] *See Berry v. State*, 125 Nev. 265, 279-82, 212 P.3d 1085, 1095-96 (2009) (concluding that the terms "gross" and "lewdness" communicate to the average person the proscribed conduct and "open" is not a vague

---

[4]As to the open or gross lewdness charge, the jury was instructed,

> The Defendant is charged in Count Two of the Information with Open or Gross Lewdness, in violation of NRS 201.210. In order for the Defendant to be found guilty of that charge, the State must prove each of the following elements by competent evidence beyond a reasonable doubt that: 1. On or between the 1st day of January, 2012 through the 31st day of January, 2014; 2. In Lyon County, Nevada; 3. The Defendant, ARLYN DAVID HOGARTH; 4. Did willfully and unlawfully commit an act of open or gross lewdness.

SUPREME COURT
OF
NEVADA

(O) 1947A

6

term), *abrogated on other grounds by State v. Castaneda*, 126 Nev. 478, 245 P.3d 550 (2010); *see also Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (reiterating that the defendant's failure to object to a jury instruction precludes appellate review unless he can show plain error).

Sixth, Hogarth argues that the district court erred when it denied his motion for a new trial based on a juror's failure to disclose a prior business relationship with Hogarth's wife, a defense witness. We conclude that the district court did not abuse its discretion when during voir dire the juror showed candor by freely disclosing several of her law enforcement relationships; the juror explained during the hearing on Hogarth's motion for a new trial that she did not remember ever interacting with Hogarth's wife; at least five years had passed since the two last interacted; and it was unlikely that, even if the juror remembered Hogarth's wife, the relationship would have supported removal for cause. *See Brioady v. State*, 133 Nev. 285, 287-88, 396 P.3d 822, 824 (2017) (reviewing the denial of a motion for a new trial following juror misconduct during voir dire for an abuse of discretion and explaining that a party must first demonstrate that, during voir dire, the juror failed to honestly answer a material question and that a correct response would have provided a useable basis for a cause challenge); *Lopez v. State*, 105 Nev. 68, 89, 769 P.2d 1276, 1290 (1989) (reiterating that when reviewing a claim that a juror answered falsely during voir dire about a matter involving potential bias or prejudice, the district court's analysis must consider if the juror "intentional[ly] conceal[ed]" the information).

Seventh, Hogarth argues that the district court imposed an unconstitutional sentence given his age, lack of criminal history, and health issues. The Eighth Amendment of the United States Constitution does not require strict proportionality between crime and sentence, *Harmelin v.*

SUPREME COURT
OF
NEVADA

(O) 1947A

*Michigan*, 501 U.S. 957, 1001 (1991) (plurality opinion), and a sentence that is within statutory limits will not be considered cruel and unusual unless the statute assigning punishment is unconstitutional "or the sentence is so unreasonably disproportionate to the offense as to shock the conscience," *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 489 (2009) (quoting *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996)). Here, the district court sentenced Hogarth within the statutory range for his offenses. *See* NRS 200.366(3) (providing the penalties for sexual assault against children under sixteen and fourteen, respectively); NRS 201.210(1)(a) (providing the penalty for open or gross lewdness); NRS 201.230(2) (prescribing the penalty for lewdness with a child under 14). Given the nature of the crimes, the existence of two victims, the familial relationship between Hogarth and the victims, and the fact that the district court did not impose the maximum sentence, we conclude that the imposed sentence does not shock the conscience and thus is not unconstitutional. Accordingly, Hogarth has not provided a basis for reversal on this issue.

Having considered Hogarth's claims and concluded no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.[5]

_____, C.J.
Pickering

_____, J.          _____, Sr. J.
Gibbons                                              Douglas

---

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Leon Aberasturi, District Judge
Karla K. Butko
Attorney General/Carson City
Lyon County District Attorney
Third District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A